7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John BUTLER, Defendant-Appellant.
 No. 92-5175.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1993.
 
 Before: KENNEDY and BATCHELDER, Circuit Judges; and ENGEL, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant John Butler appeals his jury conviction and sentence for conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Defendant asserts that he was denied a speedy trial under the Interstate Agreement on Detainers Act ("IADA"), and that the court erred in refusing to review the constitutionality of his prior state convictions used to enhance his sentence.
 
 
 2
 Butler was indicted by a Federal Grand Jury for the Western District of Tennessee on June 11, 1990 for possession with intent to distribute cocaine and conspiracy to do so. During September 1990, defendant was arrested in Florida on separate state charges. Defendant received notice that a detainer had been placed on him by federal authorities in Tennessee on October 2, 1990. On the same day, defendant acknowledged the detainer and requested a speedy trial on the federal indictment. However, the request was not faxed to the United States Marshal in Tennessee until November 15, 1990. On January 20, 1991, defendant was found guilty of the Florida state charges. Prior to being sentenced on those charges, defendant was transported to Tennessee for trial on the June 1990 indictment.
 
 
 3
 On May 3, 1991, defendant filed a petition for writ of habeas corpus, alleging that he had been denied a speedy trial and that the IADA, 18 U.S.C.App. § 2, mandated that the indictment be dismissed because of this delay. On May 22, 1991, the District Court dismissed the June 1990 indictment without prejudice pursuant to IADA § 9(1), provided that defendant would be charged again in a second indictment.
 
 
 4
 On May 21, 1991, the federal grand jury issued a new indictment against defendant charging him with the same crimes as the first. Defendant filed a motion to dismiss, which the court denied.
 
 
 5
 On May 30, 1991, the federal jury found defendant guilty of conspiracy to possess and distribute cocaine, but acquitted him of the several counts of possession with intent to distribute. On October 24, 1991, the District Court sentenced defendant as a career criminal to 262 months of imprisonment and a four-year period of supervised release. Defendant filed a timely notice of appeal.
 
 
 6
 Defendant, through his attorney, raises two issues on appeal. The first is whether the District Court erred in dismissing the June 1990 indictment without prejudice. Second, is whether the court erred in sentencing defendant as a career criminal, when defendant collaterally attacked the validity of his two prior state convictions used in calculating the sentence. Defendant raises several other issues in his pro se supplemental brief.
 
 I.
 
 7
 Defendant contends that the District Court should have dismissed the June 1990 indictment with prejudice because of an alleged IADA violation. Section 2 of the Act provides that whenever a person is "serving a term of imprisonment" in State A, and State B lodges a detainer against that person, that person must be tried on the indictment that served as the basis for the detainer within 180 days from the day the defendant notifies State B of the place of his imprisonment and demands a final disposition of the indictment. 18 U.S.C.App. § 2, Article III(a). The Act further provides, that if the authorities in the receiving state do not try the defendant within the 180 days, a court in the receiving state must dismiss the indictment with prejudice. Id. Article IV(c). However, section 9 of the Act provides that if the receiving state is the United States, the ordering court has the discretion to dismiss the indictment with or without prejudice. Id. § 9(1).
 
 
 8
 Here, defendant is arguing that he was not brought to trial on the first federal indictment until after the 180 day period had expired. The District Court was uncertain whether the 180 day clock started running on October 2, 1990, when defendant signed the acknowledgment form and demand for a speedy trial, or on November 15, 1990, the day the federal jurisdiction received the documents. If the October date had been used, the 180 period would have expired and the IADA would have been violated. If the November date had been used, defendant's trial on the federal charges would have taken place well within the statutory period. Without deciding this issue, the Court dismissed the indictment without prejudice pursuant to section 9(1).
 
 
 9
 It appears that the court was not required to apply the IADA to defendant. This Circuit has long recognized that the IADA does not apply to a defendant unless he has "entered upon a term of imprisonment." 18 U.S.C.App. § 2, Article III(a). In United States v. Roberts, 548 F.2d 665, 671 (6th Cir.), cert. denied, 431 U.S. 931 (1977), this Court concluded that "the IADA does not apply to a person who is imprisoned awaiting disposition of pending charges and who has not been sentenced to a term of imprisonment." It is undisputed that defendant had not been sentenced in Florida before being transported to federal custody.
 
 
 10
 While recognizing that the court had discretion to issue the dismissal with or without prejudice under section 9(1), defendant claims that the court abused its discretion in dismissing the first indictment without prejudice. However, since defendant was not entitled to a dismissal at all, it is clear that the court could not abuse its discretion in ordering the dismissal without prejudice.
 
 II.
 
 11
 Next, defendant argues that the District Court erred in including allegedly invalid state convictions in sentencing him as a career criminal. The presentence report included two prior state convictions in its determination of defendant's criminal history score and whether defendant was a career offender under Sentencing Guideline § 4B1.1. Defendant pled guilty on November 15, 1974 to robbery with a deadly weapon. He also pled guilty on December 1, 1988 to attempt to possess a controlled substance with intent to sell or deliver. Defendant challenges both convictions under Boykin v. Alabama, 395 U.S. 238 (1969), and argues that since these convictions are invalid, they cannot be used for sentencing purposes. The District Court found that "for comity and other reasons, [I] should not set aside this conviction on a guilty plea in a collateral attack of this kind." Joint App. at 61.
 
 
 12
 In United States v. McGlocklin, No. 91-6121 (6th Cir. Sept. 17, 1993), this Court, en banc, held that the District Court may permit a federal criminal defendant to attack at a sentencing hearing the validity of a previous state court conviction that will enhance the defendant's sentence under the Federal Sentencing Guidelines. We, therefore, remand this action to the District Court for reconsideration in light of McGlocklin.
 
 III.
 
 13
 Defendant also filed a supplemental pro se brief in which he raises numerous issues. Defendant first argues that there was insufficient evidence to sustain his conviction. Evidence is sufficient to support a conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 14
 Defendant argues that the government failed to prove that he joined the conspiracy. He also argues that the guilty plea of a coconspirator to possession with intent to distribute cannot be used to prove his involvement in the conspiracy.
 
 
 15
 Defendant did not provide the transcript of the trial proceedings. We are, therefore, unable to review this claim and it is waived. To the extent he is arguing that since Ms. Williams, a coconspirator who apparently testified against him, had pled guilty to possession with intent to distribute, but not conspiracy, and that her testimony would not, therefore, establish a conspiracy, that argument is rejected.
 
 
 16
 Defendant also argues that he should have been tried with his coconspirators. Defendant was tried separately because the original indictment, which included all of the alleged conspirators, was dismissed without prejudice as to him because of the IADA issue. Defendant cannot complain that his motion to dismiss was granted resulting in the separate trial. Subsequently, defendant was reindicted on the same charges.
 
 
 17
 Next, defendant argues that both his trial and appellate counsel failed to provide him effective assistance. Defendant did not make this argument below. Without an adequately developed record addressing defendant's allegations, this Court cannot assess the merits of the claim. This Court will not review an ineffective assistance of counsel claim raised for the first time on appeal. United States v. Daniel, 956 F.2d 540, 543 (6th Cir.1992). Ineffective assistance of counsel claims should be brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue. Id.
 
 IV.
 
 18
 Defendant's conviction is AFFIRMED. Defendant's sentence is VACATED. The case is REMANDED for proceedings consistent with this opinion.