57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John BUTLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5579.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 On May 30, 1991, defendant John Butler was convicted by a jury of conspiracy to possess and distribute cocaine. Thereafter he was sentenced as a career criminal to 262 months imprisonment and four years of supervised release. Butler appealed. A panel of this court affirmed defendant's conviction but vacated his sentence and remanded for reconsideration of his career offender status based on two prior state convictions in light of United States v. McGlocklin, 8 F.3d 1037 (6th Cir.1993) (en banc), cert. denied, 114 S.Ct. 1614 (1994).[1] See United States v. Butler, No. 92-5175, 1993 WL 386785 (6th Cir. Sept. 30, 1993) (unpublished).
 
 
 2
 While the matter was on remand, defendant filed a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255, alleging ineffective assistance of trial counsel. The district court ruled that "the motion, files and record in this case 'conclusively show that the prisoner is entitled to no relief.' " J.A. 122. It therefore held that notice of the motion need not be served on the United States Attorney. See 28 U.S.C. Sec. 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.
 
 
 3
 The district court later entered a corrected judgment sentencing Butler to 150 months incarceration and four years supervised release. The government's appeal, and defendant's cross-appeal of that decision are currently before this court.[2]
 
 
 4
 In this proceeding defendant appeals the district court's denial of his motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. However, 28 U.S.C. Sec. 2255 provides relief only for prisoners "under sentence ... imposed in violation of the Constitution or laws of the United States." Here the district court ruled on the defendant's Sec. 2255 motion when there was no sentence in place, that is, after the appellate court had vacated defendant's sentence and remanded for further proceedings but prior to the lower court's entry of a corrected judgment and sentence. For this reason we think the district court's ruling premature.
 
 
 5
 We therefore REVERSE the district court's opinion below and instruct that it DISMISS without prejudice defendant's Sec. 2255 motion until after the second appeal is resolved. Defendant may refile the motion at that time.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation
 
 
 [1]
 In United States v. Bonds, 48 F.3d 184, 186 (6th Cir.1995), this court recognized that McGlocklin has been superseded by Custis v. United States, 114 S.Ct. 1732 (1994)
 
 
 [2]
 The direct appeal and cross-appeal are currently before this court in a separate proceeding at Case Nos. 94-5523 and 94-5587