**Alberto V. DuPONT, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 95–1714.

United States Court of Appeals, Sixth Circuit.

Decided Feb. 22, 1996.

R. Steven Whalen (briefed), Detroit, MI, for petitioner-appellant.

Michael J. Stern (briefed), Office of U.S. Atty., Detroit, MI, for respondent-appellee.

Before CONTIE, NELSON, and BATCHELDER, Circuit Judges.

CONTIE, Circuit Judge.

Alberto DuPont appeals the district court's dismissal of his habeas corpus petition. We affirm.

## I.

Petitioner-appellant Alberto DuPont ("DuPont") was charged with one count of conspiring to possess with intent to distribute cocaine (in violation of 21 U.S.C. §§ 841 and 846), and one count of possessing with intent to distribute approximately two kilograms of cocaine (in violation of 21 U.S.C. § 841). On October 22, 1991, the jury found DuPont guilty of possessing the two kilograms of cocaine with intent to distribute, but was unable to reach a verdict on the conspiracy charge. The United States subsequently moved to dismiss the conspiracy count.

Though DuPont was convicted of possessing only two kilograms of cocaine, the United States argued that DuPont should be held accountable for an additional two to three kilograms pursuant to the "relevant conduct" provisions of the United States Sentencing Guidelines. DuPont objected. The district court considered the evidence and held that an additional two to three kilograms of cocaine involved in the conspiracy was indeed "relevant conduct" and therefore attributable to DuPont. On February 11, 1992, the district court sentenced DuPont to 108 months imprisonment. DuPont appealed. On September 1, 1993, this court affirmed DuPont's conviction and sentence from the bench. DuPont did not seek a rehearing or a rehearing *en banc.*

On March 23, 1995, DuPont filed a "Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" pursuant to 28 U.S.C. § 2255. In his motion (which we construe to be a petition seeking habeas corpus relief), DuPont asserts that he should not have been held accountable for the additional two to three kilograms of cocaine alleged in the conspiracy because the district court failed to consider that DuPont traveled to Miami, Florida, for lawful reasons unrelated to drug trafficking. Specifically, DuPont argues that he should be resentenced because the Sixth Circuit, in a separate appeal, remanded his jointly-tried codefendants to district court for resentencing:

> Following Appellant's unsuccessful direct criminal appeal, a different panel of this Court remanded [DuPont's] jointly-tried codefendants' case for resentencing, relying on the same factual record as was presented in Petitioner–Appellant's appeal. In both appeals, the issue presented was whether the District Court's determination of the quantity of drugs, for purposes of sentencing, was supported by the evidence. The granting of relief to the codefendants on this common issue conflicts with the denial of relief to Petitioner–Appellant.
>
> . . . .
>
> Even though Petitioner–Appellant was only convicted of a possession charge involving two kilograms of cocaine, the sentencing judge held him accountable for an additional two to three kilograms under the relevant conduct provision of U.S.S.G. § 1B1.3, thereby increasing his base offense level and his sentencing range.
>
> Petitioner–Appellant argues here that there was no evidence to support the government's argument that he was responsible for this additional quantity, and that the District Court erred in not addressing evidence that Petitioner–Appellant had traveled to Miami for legitimate reasons during the period the government claims he was there to accept delivery of cocaine.

Therefore, his case should be remanded for resentencing.

Petitioner's Brief at 4–5.

On May 25, 1995, the district court denied DuPont's petition.[1] On June 16, 1995, DuPont filed a timely notice of appeal.

## II.

In his direct appeal, DuPont unsuccessfully argued that the district court sentenced him to an excessive period of incarceration by overstating the quantity of cocaine that could be deemed relevant conduct. In his habeas corpus petition, DuPont asserts that he is entitled to habeas corpus relief because his codefendants' appeal resulted in a remand to district court for resentencing.[2] *See* Petitioner's Brief at 7 ("In Petitioner's case— which was based on exactly the same factual record—the District Court likewise failed to address testimony and exhibits which showed that Petitioner DuPont traveled to Miami for legitimate reasons. Yet, Petitioner was denied relief on this basis, while his jointly-tried codefendants were granted a resentencing.").

Notwithstanding DuPont's reliance on his codefendants' appeal, DuPont's petition for habeas corpus relief asserts, at its core, that the district court overstated the quantity of cocaine that could be deemed relevant con-

duct. The record reveals that DuPont raised this same issue in his direct appeal. In fact, DuPont's second issue in his direct appeal asserted:

> DEFENDANT–APPELLANT IS ENTITLED TO A RESENTENCING WHERE THE JUDGE IMPROPERLY HELD HIM ACCOUNTABLE FOR AN EXTRA 2 KILOGRAMS OF COCAINE UNDER THE "RELEVANT CONDUCT" SECTION OF THE SENTENCING GUIDELINES, AND WHERE DEFENDANT WAS IMPROPERLY DENIED A 2-LEVEL REDUCTION FOR ACCEPTANCE OF RESPONSIBILITY.

DuPont's Brief on Direct Appeal at 13.

■ "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *United States v. Brown,* 62 F.3d 1418 (6th Cir.) (unpublished) (citations omitted), *cert. denied,* —— U.S. ——, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995). *See also Giraldo v. United States,* 54 F.3d 776 (6th Cir.) (unpublished) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law."), *cert. denied,* —— U.S. ——, 116 S.Ct. 240, 133 L.Ed.2d 167 (1995); *Ford v. United States,*

1. Specifically, the district court held (in its entirety): "Petitioner Alberto DuPont has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons well-stated in the government's brief, and supported by the record in this case, petitioner's motion hereby is DENIED."

2. In *United States v. Baro,* this court held:

   At the sentencing hearing, counsel for the Baros noted that testimony linked the Baros, at best, to the distribution of forty-nine kilograms of cocaine. In response, the government alleged that testimony regarding travel by Suarez and DuPont to Miami, coupled with a pattern of kilogram-quantity sales of cocaine by the Baros, was sufficient to support an inference that the Baros distributed at least one additional kilogram of cocaine, thereby warranting a two-level increase in the base offense level under the Sentencing Guidelines. The district court, without making any factual findings to support the one-kilogram increase, sentenced Danilo and Ramon Baro according to the fifty-kilogram calculation.

   In doing so, the district court failed to err on the side of caution. Especially where, as here, the district court's determination of the quantity of cocaine involved results in a two-level increase in the base offense level, the sentencing judge may not, without further findings, simply sentence a defendant based on conjecture. In reaching this conclusion, which increased the defendants' potential term of incarceration by at least forty-seven months, the district court failed to identify the evidence on which it relied to find both defendants responsible for the increased amount or to address testimony in the record that DuPont traveled to Miami during this period for legitimate reasons. Thus, we must remand. Given the marked impact of this single kilogram increase on the defendants' sentences, the district court should explicitly set forth the evidence on which it relies if it finds either Danilo [or] Ramon Baro accountable for distribution of at least fifty kilograms of cocaine.
   *United States v. Baro,* 15 F.3d 563, 569 (6th Cir.) (citations omitted), *cert. denied,* —— U.S. ——, 115 S.Ct. 285, 130 L.Ed.2d 201 (1994).

36 F.3d 1097 (6th Cir.1994) (unpublished) (same), *cert. denied,* —— U.S. ——, 115 S.Ct. 1390, 131 L.Ed.2d 241 (1995); *Kelly v. United States,* 977 F.2d 581 (6th Cir.1992) (unpublished) ("The remainder of Kelly's arguments on appeal attempt to relitigate the issues involved in his motion to suppress evidence. The issues were raised and answered on direct appeal. Kelly is not now entitled to relitigate those issues in a motion to vacate sentence under 28 U.S.C. § 2255. A federal prisoner may not relitigate in a § 2255 motion to vacate sentence claims that were raised and considered on direct appeal.").

Though DuPont asserts that he is entitled to habeas corpus relief because his codefendants' action was remanded to district court for reconsideration of sentencing issues in a separate appeal, DuPont is challenging the district court's application of the sentencing guidelines to the particular facts surrounding his illegal activities. DuPont does not allege that a different legal standard was applied to his codefendants in their appeal. Indeed, this court remanded DuPont's codefendants to district court because the district court failed to articulate, with specificity, the factual basis supporting its sentencing determinations.[3] Following remand, the district court filed a detailed sentencing order reinstating the Baros' original sentences.

▮ Because the claim asserted in DuPont's habeas corpus petition is substantively identical to one of the issues that DuPont presented in his direct appeal following his conviction, and because no exceptional circumstances exist in this action, we find that the district court properly denied DuPont's petition for habeas corpus relief.

Accordingly, we **AFFIRM.**

---

3. In DuPont's case, the sentencing court explicitly addressed the factual basis supporting its calculation of the quantity of cocaine included as relevant conduct for which DuPont was sentenced. Furthermore, it is clear from the record that the facts which the district court was instructed to consider on remand of DuPont's codefendants' case are immaterial to the determination of the quantity of cocaine involved in DuPont's relevant conduct.