**Jermaine Dion BIVENS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civil Action No. 96–40123.
Criminal No. 92–80303.**

United States District Court,
E.D. Michigan,
Southern Division.

May 28, 1996.

Jermaine Dion Bivens, Seagoville, TX, Pro Se.

John C. Engstrom, Asst. U.S. Atty., Detroit, MI, for Defendant.

### ORDER DENYING PETITIONER'S MOTION TO VACATE, MODIFY OR SET ASIDE SENTENCE

GADOLA, District Judge.

On October 15, 1992, a grand jury indicted petitioner Jermaine Bivens on three counts, charging him with possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). A guilty verdict was returned on all three counts on October 23, 1992, after a jury trial before this court.

On January 12, 1993, petitioner was sentenced to 78 months imprisonment followed by a three-year term of supervised release. On the same day, petitioner filed a timely notice of appeal. In his direct appeal, petitioner's sole argument was that the evidence presented at trial was insufficient to establish his constructive possession of either the gun or the drugs, which served as the basis for

his convictions. On October 12, 1993, the Sixth Circuit Court of Appeals affirmed the decision of the district court. *United States v. Bivens,* No. 93–1106, 1993 WL 406449 (6th Cir. October 12, 1993).

Petitioner filed the present pro se motion to vacate, modify or set aside his sentence pursuant to 28 U.S.C. § 2255. Pursuant to Local Rule 7.1(e)(2), this court will decide this matter based on the submissions before the court. For the following reasons, this court will deny petitioner's motion.

## I. Ineffective Assistance of Counsel

Petitioner contends that his Sixth Amendment right to effective assistance of counsel has been denied. Petitioner appears to base his claim on allegations of improper application of the Sentencing Guidelines. Petitioner insists that he was sentenced under the wrong guidelines, received a sentence in excess of the allowable maximum and that if counsel had objected to or appealed this error, the results of the trial would probably be different.

To establish ineffective assistance of counsel, petitioner must show that counsel's performance was so deficient as to be unreasonable based on an objective standard. This standard, "may be determined or substantially influenced by the defendant's own statements or actions." *Strickland v. Washington,* 466 U.S. 668, 691, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). In addition, there is a strong presumption that counsel's actions are the result of tactical and strategic decisions and, accordingly, are reasonable. *Strickland,* 466 U.S. at 688–90, 104 S.Ct. at 2064–66. Petitioner must specify acts or omissions of counsel that are not the result of reasonable professional judgment. *Id.* at 690, 104 S.Ct. at 2065–66.

Furthermore, petitioner must show that counsel's deficiency prejudiced his defense; that counsel's errors were serious enough to deprive the petitioner of a fair trial with a reliable result. *Id.* at 687, 104 S.Ct. at 2064. Simply pointing to counsel's errors is not enough; petitioner must show "there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. Failure to prove either deficient performance or sufficient prejudice will defeat petitioner's claim. *Id.* at 700, 104 S.Ct. at 2071.

 Here, petitioner fails to prove that his counsel was deficient by not objecting to or appealing the application of the guidelines in this case.[1] A review of the Pre–Sentencing report shows that punishment for Counts 2 and 3 were properly grouped together because the same weapon was involved in each offense. Count 1 was combined with Counts 2 and 3 because the same weapon was also a specific characteristic of that offense.

According to U.S.S.G. § 3D1.3, the count in each grouping with the highest offense level is used to sentence the defendant. Here, Count 1, enhanced due to petitioner's possession of a firearm during commission of this offense, was the highest. This resulted in a recommendation under the guidelines for a term of 63 to 78 months imprisonment. Petitioner was sentenced to the maximum of 78 months.

All decisions in determining petitioner's sentencing were made in accordance with the Sentencing Guidelines. The record does not show any improper "double counting," enhancement, or imposition of a sentence in excess of the maximum allowable sentence. Consequently, petitioner's counsel did not err in not appealing or further objecting to the sentencing. As petitioner does not describe any other allegedly deficient acts by counsel, petitioner has failed to show that counsel was ineffective.

## II. Insufficiency of Evidence to Convict Petitioner

 Petitioner claims that he has not had the opportunity to challenge the sufficiency of evidence brought against him. However, the record indicates that petitioner presented this same issue on direct appeal to the Sixth Circuit. The Sixth Circuit affirmed the sentence and rejected petitioner's claim of error.

---

**1.** Although defense counsel did raise several objections to the Pre–Sentence Report, he did not raise the objections raised by petitioner.

Therefore, absent exceptional circumstances, not present in this case, petitioner is barred from raising this issue in a 2255 motion. *DuPont v. United States,* 76 F.3d 108 (6th Cir.1996); *United States v. Smith,* 843 F.2d 1148 (8th Cir.1988).

### III. Denial of Right to Confront a Witness at Trial

■ Petitioner alleges for the first time in this 2255 motion, that his Sixth Amendment right to confront a witness against him and challenge hearsay evidence was violated by the failure to disclose government informants.

■ A claim not raised on direct appeal is procedurally barred in a 28 U.S.C. § 2255 action, unless the petitioner shows cause and prejudice for not bringing the issue on appeal. *United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594–95, 71 L.Ed.2d 816 (1982). The cause requirement may be satisfied by: a showing of innocence, *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649–50, 91 L.Ed.2d 397 (1986); the inability of counsel to reasonably know of a legal or factual issue, *Id.* at 488, 106 S.Ct. at 2645–46; a showing of ineffective counsel, *Id.* at 496, 106 S.Ct. at 2649–50; or any other external impediment that may have prevented counsel from raising the claim on direct review. *Id.* at 497, 106 S.Ct. at 2650. Petitioner claims ineffective counsel, but as previously discussed, this court finds that defendant's counsel was not ineffective. Petitioner has otherwise failed to demonstrate cause for not raising these arguments during trial or on direct appeal. Therefore, defendant is procedurally barred from raising them now.

Even if this court were to address the substance of defendant's murky arguments, it would find them to be without merit. Defendant apparently alleges (1) that he was not afforded the opportunity to confront witnesses, (2) that hearsay testimony was improperly allowed at his trial, (3) that informants should have been disclosed prior to

trial so that the defense could have called them to rebut the Government's evidence, and (4) that the fruits of a search pursuant to a warrant should have been suppressed. These contentions will be addressed in turn, after a brief discussion of the facts of petitioner's underlying case.

Based in part on the statements of informants,[2] on March 17, 1992, the police obtained a search warrant of the house where defendant lived in order to search for drugs or guns. The police recovered 25 individually-packaged rocks of crack cocaine and a sawed-off rifle. Defendant moved to suppress this evidence, arguing that the warrant was not supported by probable cause. This court, after a *Franks* hearing and an *in camera* hearing with an informant, determined that the informant relied upon by the police and described in the affidavit for the search warrant did provide reliable evidence against the defendant. This court determined that the warrant was supported by probable cause and that the evidence could be admitted. At trial, the fruits of the search were admitted, but no reference was made to any informants, or any statements made by informants. No reference was made to the affidavit for the warrant. The identities of the informants were never revealed to the petitioner.

#### a. Petitioner's Right to Confront Witnesses

■ Petitioner had the ability to cross-examine all witnesses called by the Government at trial. Any argument to the contrary is meritless. To the extent that petitioner complains of his inability to cross-examine the informant at this court's *in camera* hearing to determine whether the search warrant was supported by probable cause, his argument is also without merit. In a motion to suppress, where the statements of an informant form the basis of probable cause for a search warrant, the use of an *in camera* hearing to question the informant is accept-

2. Apparently, the police, through a confidential informant, had purchased crack cocaine from the petitioner. Further, the police had information from another informant that petitioner had possessed and fired a sawed-off gun.

Petitioner was initially charged with distribution of cocaine, based upon the drug purchases made through confidential informants. This charge was dropped, however.

able. *United States v. Alexander,* 559 F.2d 1339, 1344 (5th Cir.1977); *United States v. Moore,* 522 F.2d 1068, 1072–73 (9th Cir.1975). This protects the government from endangering informants and the defendant from any untruthful or unsubstantiated allegations. *Moore,* 522 F.2d at 1073.

Petitioner's claim regarding hearsay evidence, perhaps the basis for his Sixth Amendment claim, is without merit. Petitioner apparently believes that the statements of an informant were admitted at trial through another witness, thereby violating the prohibition against hearsay evidence and the Sixth Amendment right to confront witnesses. The portion of transcript cited by the movant does not contain any hearsay evidence, however. To this court's recollection, no mention was made of any informant's statements at trial. There was no mention of the affidavit supporting the search warrant. In short, petitioner points to no hearsay evidence that was admitted.

**b. Disclosure of Informants Before Trial**

Petitioner claims this court abused its discretion in failing to force the disclosure of the informants identities, so that petitioner could call them as witnesses. Generally, the Government need not disclose the identities of informants because such information is privileged. This is based on a balancing of the public interest in effective law enforcement against a defendant's right to formulate a defense. *Roviaro v. United States,* 353 U.S. 53, 62, 77 S.Ct. 623, 628–29, 1 L.Ed.2d 639 (1957). However, in cases where the informant plays a material role in bringing about a criminal act, is the sole other participant in an act, or if production of the informant is necessary or essential for the defendant's defense, the privilege may be abrogated. *Id.* at 63, 77 S.Ct. at 629.

In the present case, the petitioner fails to put forth evidence that disclosure of informants would have helped petitioner or was necessary to his defense. The informant who participated in buying crack cocaine from petitioner was not used at trial because the distribution charges had been dismissed. The Government did not adduce direct evidence that petitioner sold crack to anybody.

It based its case on the fact that 25 individually-packaged rocks of crack cocaine were found at petitioner's residence. Therefore, the identities of any informants who may have purchased crack from petitioner could not have helped his defense on the possession or gun charges.

With respect to the informant who saw petitioner with a gun, the Government did not assert at trial that petitioner was ever seen with a gun by this person. This person's statements were not used at trial. The Government's case regarding the gun was based on its presence under petitioner's mattress. Further, this court found through the *in camera* hearing that this informant provided reliable evidence against the defendant. Clearly, then, it would not have helped petitioner's defense in calling this informant as a witness. The witness would have testified that he saw petitioner with a gun.

Therefore, petitioner has failed to show how revelation of the identities of informants was necessary to his defense.

**c. Admission of the Gun and Drugs**

Finally, with respect to this court's refusal to suppress evidence of the search, the search was conducted pursuant to a proper warrant based on probable cause. Again, this court held on September 9, 1993, that the informant's statements described in the affidavit in support of the warrant were reliable. Further, the court held, properly, that the warrant was supported by probable cause. Petitioner has failed to demonstrate how the admission of this evidence was in error.

**IV. *Bailey* Argument**

Petitioner seeks relief under the decision in *Bailey v. United States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), regarding interpretation of the "use" and "carry" language in 18 U.S.C. § 924(c). However, petitioner was neither charged nor convicted of that offense. The petitioner was charged and convicted under 18 U.S.C. § 922(g)(1), which bears no direct relation to the former section, or the recent changes in its interpretation. Thus, petitioner's claim regarding *Bailey* is without merit.

### V. Improper Sentencing

 Petitioner claims that the sentence imposed exceeded the statutory maximum, and that the district court wrongly enhanced petitioner's sentence through "double counting." Petitioner raises these issues for the first time in his section 2255 motion.

The Supreme Court has stated "[t]he writ of habeas corpus and its federal counterpart, 28 U.S.C. § 2255, will not be allowed to do service for an appeal." *Stone v. Powell*, 428 U.S. 465, 477 n. 10, 96 S.Ct. 3037, 3044 n. 10, 49 L.Ed.2d 1067 (1976) (quoting *Sunal v. Large*, 332 U.S. 174, 178, 67 S.Ct. 1588, 1590–91, 91 L.Ed. 1982 (1947)). It is a well-settled principle that to obtain collateral relief a prisoner must clear a significantly higher hurdle than that existing on direct appeal. *United States v. Frady*, 456 U.S. 152, 166, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Judge Easterbrook, writing for the Seventh Circuit has stated that, "The Sentencing Guidelines are not exactly a Bill of Rights for criminals! One full and fair opportunity to make arguments under the Guidelines at sentencing and on direct appeal is enough." *Scott v. United States*, 997 F.2d 340, 342 (7th Cir.1993).

 Petitioner's claim of improper application of the Sentencing Guidelines must be advanced on direct appeal because:

> [i]t is an error which is neither jurisdictional or constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice, nor an omission inconsistent with the rudimentary demands of fair procedure. It does not present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.

*Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962) (quoting *Bowen v. Johnston*, 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939)). As petitioner has failed to show cause in his motion for not bringing these arguments on direct appeal, he is procedurally barred from asserting them now.

As previously stated, even if this claim was not procedurally barred, it is substantively without merit. Petitioner received a 78 month sentence, which fell within the guideline recommendations. Although petitioner's drug conviction was enhanced by the possession of a firearm, the firearm convictions were properly grouped with the drug offense for sentencing purposes. In short, petitioner was properly sentenced.

### VI. Conclusion

This court is convinced that all of petitioner's arguments are clearly meritless. Accordingly, any appeal from this order would **not** be taken in good faith and could not be certified under 28 U.S.C. § 1915(a).

### *ORDER*

Therefore, it is hereby **ORDERED** that petitioner's § 2255 motion be **DENIED**.

**SO ORDERED.**

