89 F.3d 837
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frederick WALLACE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5974.
 United States Court of Appeals, Sixth Circuit.
 June 7, 1996.
 
 1
 Before: KENNEDY and BOGGS, Circuit Judges; RUSSELL, District Judge.*
 
 ORDER
 
 2
 Frederick Wallace appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1991, a jury convicted Wallace of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and the district court sentenced him to 92 months of imprisonment and three years of supervised release. On appeal, this court affirmed his conviction and sentence. United States v. Wallace, Nos. 91-6308, etc., 1992 WL 186035 (6th Cir. Aug. 5, 1992).
 
 
 4
 Wallace filed a motion to vacate sentence, alleging that: 1) his presentence investigation (PSI) report contained inaccurate information; 2) the district court did not comply with the requirements of Fed.R.Crim.P. 32(c)(1) in sentencing him; 3) the district court improperly imposed his sentence consecutively with another sentence that Wallace was serving; 4) the district court improperly denied Wallace a downward adjustment for acceptance of responsibility; 5) 18 U.S.C. § 3584(a) and USSG § 5G1.3(a) are vague and contradictory; 6) his conviction resulted from prosecutorial misconduct; and 7) he received ineffective assistance of counsel at sentencing. The district court determined that his claims were without merit and denied the motion. Wallace has filed a timely appeal.
 
 
 5
 Upon review, we conclude that the district court properly denied Wallace's motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. In order to obtain habeas relief under § 2255 on the basis of non-constitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2297 (1994). In order to obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect in determining the petitioner's conviction. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 6
 We initially note that Wallace raised his claims concerning the district court's imposition of consecutive sentences and the denial of an acceptance of responsibility reduction on direct appeal and this court determined that those claims were without merit. Consequently, Wallace may not now use a § 2255 motion to relitigate these claims absent highly exceptional circumstances. DuPont v. United States, 76 F.3d 108, 110-11 (6th Cir.1996). Wallace has not presented any exceptional circumstances justifying re-consideration of these issues. Further, Wallace's claim that 18 U.S.C. § 3584 and USSG § 5G1.3(a) are vague and contradictory is merely a restatement of his challenge to the imposition of consecutive sentences. Therefore, Wallace may not again raise this issue.
 
 
 7
 Wallace is barred from seeking relief on his remaining claims, except for his ineffective assistance of counsel claim, because he did not raise them in his direct criminal appeal. Claims that could have been but were not raised on direct appeal may not be reviewed under § 2255 unless Wallace demonstrates cause and actual prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. See United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Wallace has not argued cause to excuse his failure to raise these claims previously nor is cause apparent from the record. Further, Wallace suffered no prejudice because, as we note below, his claims are without merit. His ineffective assistance of counsel claim is properly raised in his motion to vacate because such claims are usually not cognizable in a direct criminal appeal. See United States v. Seymour, 38 F.3d 261, 263 (6th Cir.1994).
 
 
 8
 Wallace's claim that his PSI report contained erroneous information is without merit because Wallace has not raised grave doubt as to the veracity of this information nor shown that the court relied on that false information in determining the sentence. United States v. Mandell, 905 F.2d 970, 974 (6th Cir.1990). When the district court calculated Wallace's criminal history, the court grouped the assault offense with a burglary conviction committed at the same time. While Wallace challenges the inclusion of the assault offense, he does not challenge the inclusion of the burglary conviction. As the burglary conviction by itself was sufficient for the two criminal history points that Wallace received for the grouped offenses, he was not prejudiced by the inclusion of this allegedly erroneous information in his PSI report. Further, Wallace did not bring this alleged inaccuracy to the attention of the district court during the sentencing hearing and, consequently, he did not trigger the court's obligatory duties under Rule 32(c)(1). United States v. Fry, 831 F.2d 664, 667-69 (6th Cir.1987).
 
 
 9
 We also conclude that Wallace's conviction did not result from prosecutorial misconduct. See Donnelly v. DeChristoforo, 416 U.S. 637, 643-45 (1974). Lastly, Wallace received the effective assistance of counsel because he was not prejudiced by any allegedly deficient performance that counsel rendered. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 10
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation