110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny L. BUTLER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-5615.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 1
 Before: MERRITT and BOGGS, Circuit Judges; BECKWITH, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On May 30, 1991, John Butler was convicted by a jury of conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. § 846. The district court sentenced him as a career offender and imposed a 262 month term of imprisonment followed by four years of supervised release. On appeal, a panel of this court affirmed Butler's conviction but vacated his sentence and remanded for reconsideration of his career offender status. United States v. Butler, No. 92-5175, 1993 WL 386785 (6th Cir. Sept. 30, 1993) (per curiam). While the matter was on remand, Butler filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court denied the motion on the merits. The district court later entered a corrected judgment sentencing Butler to 150 months of imprisonment and four years of supervised release.
 
 
 4
 Butler appealed the district court's judgment denying his motion to vacate sentence. A panel of this court reversed the district court's judgment and instructed the court to dismiss Butler's motion to vacate sentence without prejudice, in order to allow Butler to refile the motion after resolution of the second appeal. Butler v. United States, No. 94-5579, 1995 WL 358350 (6th Cir. June 14, 1995) (per curiam).
 
 
 5
 The government appealed from the amended sentence of imprisonment and Butler cross-appealed. Pursuant to the government's appeal, a panel of this court reversed the district court's judgment and remanded the case for sentencing under the career offender provision of the sentencing guidelines. United States v. Butler, Nos. 94-5523 & 94-5587, 1995 WL 331466 (6th Cir. June 2, 1995) (per curiam). Butler did not file a petition for a writ of certiorari. Rather, before the district court resentenced him, Butler filed another § 2255 motion to vacate sentence.
 
 
 6
 In his motion to vacate sentence, Butler raised numerous claims attacking the validity of his conviction. He claimed that: 1) trial counsel rendered ineffective assistance because he a) failed to investigate or subpoena airline records, b) failed to subpoena petitioner's personal records, and c) failed to investigate or subpoena three witnesses; 2) trial counsel was ineffective because he failed to request an acquittal under Fed.R.Crim.P. 29; 3) the verdict was inconsistent; 4) there was insufficient evidence to convict him of conspiracy; 5) appellate counsel rendered ineffective assistance because he failed to subpoena the airline records mentioned above in 1(a); 6) trial counsel was ineffective because he did not adequately inform Butler about the sentencing enhancement under the career offender provisions; 7) the district court violated Fed.R.Crim.P. 32(c)(3)(A) & (C); 8) the district court erred by not investigating why some jurors were laughing during their deliberations; 9) the district court erred by permitting his trial to be held separately from his co-conspirators; and 10) the district court erred by admitting evidence of Butler's prior bad acts, in violation of Fed.R.Evid. 404(b). The district court denied Butler's motion to vacate sentence. In his timely appeal, Butler reasserts the claims he set forth in the district court.
 
 
 7
 In order to obtain relief under § 2255 on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Rule 11); Grant v. United States, 72 F.3d 503, 506 (6th Cir.), cert. denied, 116 S.Ct. 1701 (1996) (violations of sentencing guidelines). In order to obtain relief under § 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate). This court reviews de novo a judgment denying a § 2255 motion while examining the factual findings for clear error. Gall v. United States, 21 F.3d 107, 109 (6th Cir.1994).
 
 
 8
 Butler may not relitigate his claims numbered four and nine. A § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. DuPont v. United States, 76 F.3d 108, 110 (6th Cir.1996); United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam). Each of the foregoing claims was raised, considered, and rejected on appeal, Butler, No. 92-5175, 1993 WL 386785 at * 3, and no exceptional circumstances exist which would warrant relitigation of the issues.
 
 
 9
 Butler is barred from asserting his claims numbered three, seven, eight, and ten. The claims are barred because they could have been but were not raised on direct appeal. The court does not review such claims unless a petitioner shows cause and prejudice for his failure to raise the claims on direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). This is so because the failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984). Butler has not shown cause for his failure to raise his claims on direct appeal and none appears on the record. Even if one assumes cause, Butler was not prejudiced because his claims are meritless.
 
 
 10
 The remainder of Butler's claims concern his attorneys' performances (Claims 1, 2, 5 & 6). To establish ineffective assistance of counsel, Butler must show that his attorneys' performances were deficient and that the deficient performances prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984). The reasonableness of counsel's performance is evaluated within the context of the circumstances at the time of the alleged errors, id. at 690, and there is a strong presumption that defense counsel's decisions are guided by sound trial strategy. Cobb v. Perini, 832 F.2d 342, 347 (6th Cir.1987), cert. denied, 486 U.S. 1024 (1988). Ultimately, the burden is on Butler to show that his attorneys performances resulted in an actual breakdown of the adversarial process so as to deprive him of a fair proceeding. See United States v. Cronic, 466 U.S. 648, 657 (1984). Butler has not overcome the presumption that his attorneys' decisions were the result of reasonable strategy.
 
 
 11
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order dated April 15, 1996.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation