**Joshamaul MORRIS, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 00–4093.**

United States Court of Appeals, Sixth Circuit.

June 18, 2001.

Before JONES, DAUGHTREY, and COLE, Circuit Judges.

Joshamaul Morris, a federal prisoner proceeding pro se, appeals a district court order dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1997, Morris pleaded guilty to conspiracy to distribute cocaine and to possess cocaine with the intent to distribute in violation of 21 U.S.C. § 846, to carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c), and to conspiracy to possess and transfer a machine gun in violation of 18 U.S.C. § 371. This court affirmed his convictions on direct appeal. *United States v. Morris*, No. 97–3102, 1998 WL 739874 (6th Cir. Oct.7, 1998) (unpublished order).

In his § 2255 motion, Morris asserted that: 1) trial counsel rendered ineffective assistance by allowing Morris to plead guilty to the § 924(c) count; 2) appellate counsel rendered ineffective assistance; and 3) the government breached the Rule 11 plea agreement and engaged in sentencing factor manipulation by redirecting the analysis of the suspected methamphetamine after Morris entered his guilty plea. The district court found that the first two claims lacked merit and that the third claim was barred because it had been raised previously on direct appeal. *See DuPont v. United States*, 76 F.3d 108, 110 (6th Cir.1996). The district court thus dismissed the motion, but issued a certificate of appealability as to the first two claims.

In his timely appeal, Morris reasserts the certified issues.

■ To obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir.1999).

Upon review, we conclude that the district court properly denied Morris's § 2255 motion.

■ First, trial counsel did not render ineffective assistance because sufficient evidence exists to conclude that Morris "carried" the firearm in violation of § 924(c). *See Strickland v.. Washington,* 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Sufficient evidence exists if, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). An offender "carries" a firearm in violation of § 924(c) by physically transporting a firearm, and keeping the firearm immediately available, during and in relation to a drug trafficking crime. *United States v. Moore,* 76 F.3d 111, 113 (6th Cir.1996). Whether Morris also "used" a firearm during and in relation to a drug trafficking crime will not be considered as Morris was neither charged, nor convicted under the "use" prong of § 924(c).

At the plea hearing, the government summarized the factual basis for the § 924(c) count, stating that Morris and Joseph Urquhart entered the Brothers Clubhouse at 366 East Second Avenue, Columbus, and met with Agent D'Alesio for the purposes of selling cocaine. During the transaction, Morris was armed with a Davis .32 caliber pistol, showed Agent D'Alesio the firearm when he observed it in a shoulder holster. After he inspected the firearm and returned it to Morris, Morris sold him 12.3 grams of cocaine for $550. Morris twice confirmed that these facts were correct, except that Urquhart was not present.

■ Thus, Morris "carried" the firearm during the drug transaction. He physically transported the firearm into the Brothers Clubhouse in his shoulder holster, and kept it immediately available during the drug transaction. The firearm was on Morris's person during the drug trafficking crime as the agent, after inspecting the firearm, had returned it to Morris's possession before the exchange of money and drugs occurred. Morris's reason for showing the firearm to the agent does not affect whether Morris "carried" the firearm, and Morris's alleged reasons for being armed, such as for self-protection, do not constitute defenses under § 924(c). *See United States v. Poindexter,* 942 F.2d 354, 360–61 (6th Cir.1991). Because sufficient evidence existed to support the conviction, trial counsel did not render ineffective assistance by permitting Morris to plead guilty to the § 924(c) count.

Second, appellate counsel did not render ineffective assistance by failing to raise the previous claim as the claim is without merit for the reasons stated above. Furthermore, appellate counsel is not required to raise every nonfrivolous issue on appeal. *See Jones v. Barnes,* 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.