248

**Luis Carlos GUERRERO,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

No. 99–5735.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2001.

Before BOGGS and DAUGHTREY,
Circuit Judges; WEBER, District Judge.*

Luis Carlos Guerrero appeals pro se from a district court judgment that dismissed a motion to vacate his sentence under 28 U.S.C. § 2255. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Guerrero was convicted of possessing and distributing cocaine, violations of 21 U.S.C. §§ 841(a)(1), 846 and 963. He was sentenced to 175 years of imprisonment. Our court affirmed this sentence on direct appeal, rejecting an argument that defense counsel had a conflict of interest.

In his § 2255 motion, Guerrero alleged: 1) that his attorneys did not investigate his case or provide effective assistance at trial; 2) that the government withheld exculpatory evidence; 3) that his sentences should have run concurrently; 4) that he was denied the effective assistance of appellate

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

counsel; 5) that the government kidnapped him before he was indicted; and 6) that his attorneys failed to advise him of a plea offer. The district court dismissed the case on March 4, 1999, and Guerrero's motion to reconsider that judgment was denied. Our court subsequently issued a certificate of appealability, which was limited to Guerrero's claim that his attorney had not advised him of a plea offer from the prosecution.

In response to this claim, the government submitted the affidavit of one of Guerrero's attorneys, which indicated that counsel had no recollection of an offer from the government, that he no longer had the files from the case, and that it was his practice to advise his clients of all plea offers, even ones that were unreasonable or likely to be rejected. On the other hand Guerrero's claim is supported by his wife's affidavit, who stated that she confronted one of his attorneys after trial and asked why Guerrero had not been offered a deal like all of the other defendants. She averred that counsel stated "that a deal was offered, but he didn't like it" and "that he knew my husband would not have taken the deal."

■ The district court dismissed Guerrero's claim because our court had rejected his conflict of interest claim on direct appeal. *See generally DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996). We conclude, however, that Guerrero's current claim involves a different ground for relief than that which was considered on appeal. Moreover, a hearing may be appropriate, as the record does not conclusively show that he is not entitled to relief. *See Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir.1999); *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir.1994).

■ The government now argues that the district court could have dismissed

Guerrero's claim based on the laches doctrine. However, Guerrero's current action was timely filed and there is a strong presumption that laches does not apply if the limitations period has not expired. *See Patton v. Bearden*, 8 F.3d 343, 348 (6th Cir.1993). In addition, application of the laches doctrine involves factual issues that should be considered in the first instance by the district court.

Accordingly, the district court's judgment is vacated insofar as it dismissed Guerrero's claim that his attorney failed to advise him of a plea offer and the case is remanded for further proceedings on that claim. The judgment is otherwise affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.