**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0372n.06

**Case No. 07-2494**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

***Jun 02, 2011***

LEONARD GREEN, Clerk

GERALD DEVAUGHN HESTLE,　　　　)
　　　　　　　　　　　　　　　　　)
　　　Plaintiff-Appellant,　　　　　)　　**ON APPEAL FROM THE**
　　　　　　　　　　　　　　　　　)　　**UNITED STATES DISTRICT**
　　　v.　　　　　　　　　　　　　)　　**COURT FOR THE EASTERN**
　　　　　　　　　　　　　　　　　)　　**DISTRICT OF MICHIGAN**
UNITED STATES of AMERICA,　　　　)
　　　　　　　　　　　　　　　　　)
　　　Defendant-Appellee.　　　　　)
_____)

**Before: BATCHELDER, Chief Judge; KEITH and ROGERS, Circuit Judges.**

**ALICE M. BATCHELDER, Chief Judge.** This is an appeal from the district court's denial of a federal prisoner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. Because we find that the magistrate judge — and consequently the district court — erred in its analysis of the underlying claim, we REVERSE and REMAND for reconsideration under a proper analysis.

**I.**

The police arrested Gerald Hestle for possession of cocaine with intent to distribute, and the case proceeded to jury trial. During jury voir dire, the prosecutor exercised peremptory strikes of the only two black venire members. Hestle's attorney raised a *Batson* challenge and the prosecutor offered a non-discriminatory basis for the strikes. Hestle's attorney declined to comment or reply. The court overruled the *Batson* challenge and accepted the prosecutor's strikes.

The jury convicted Hestle and he appealed, raising two claims: *Batson* and sufficiency of the evidence. A panel of this court affirmed on both claims. *See United States v. Hestle*, 107 F.

App'x 500 (6th Cir. 2004). We rejected the *Batson* claim because the defendant's counsel, by making only one insufficient argument in the trial court, "had not proven purposeful discrimination." *Id*. at 503. In a separate concurrence, one judge opined that the *Batson* claim failed on appeal only because Hestle's counsel had not argued it sufficiently at trial. *Id*. at 504-05 (Moore, J. concurring).

Hestle then moved the district court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and raised five arguments in support of that motion, including a claim that his trial counsel had been ineffective for failing to argue the *Batson* issue more vigorously. The district court referred the motion to a magistrate judge for a Report and Recommendation. The magistrate judge addressed each of Hestle's claims and ultimately advised the district court to deny the motion.

The magistrate judge construed Hestle's § 2255 motion as an improper attempt to re-litigate the *Batson* issue, noting that Hestle "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal," quoting *Clemons v. United States*, No. 3:01-cv-496, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005). *Clemons*, however, concerned a sufficiency-of-the-evidence claim, not a *Batson* challenge and success on the ineffective-assistance issue would require rejection of a prior holding on direct appeal:

> Clemons first claims [ineffective assistance of trial counsel on the basis] that his attorney should have moved for acquittal at the close of the government's case with respect to the firearm charge. According to Clemons, the government failed to prove 'active employment' of the firearm on his part. The allegation that the government failed to prove the elements of the firearm conviction was raised and rejected on direct appeal. . . . Clemons cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal. *See, e.g.*, *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).[1]

---

[1] *DuPont* did not contain a *Batson* claim either; it concerned a sentencing argument.

*Id*. The magistrate judge's reliance on this case law was misplaced.

Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal. In *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), we held that "[w]hile these two claims are related due to the fact that the ineffective assistance claim is based on the failure to raise a *Batson* challenge, the two claims are analytically distinct." Therefore, the magistrate judge erred by refusing to consider the ineffective-assistance claim on its own merits, and the district court erred by adopting that ruling.

## II.

Because the district court erred in its procedural treatment of the underlying ineffective-assistance claim, we **REVERSE** and **REMAND** for reconsideration under a proper analysis.

3