996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norberto GIRALDO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-2415.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 Before KEITH and RYAN, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Norberto Giraldo, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Giraldo pleaded guilty in March 1989 to one count of conspiracy to possess with intent to distribute cocaine, one count of conspiracy to launder monetary instruments, and one count of conspiracy to engage in monetary transactions derived from controlled substance importation and distribution. The plea agreement provided, inter alia, that Giraldo's sentence would not exceed 235 months, that attached worksheets represented the joint position of the parties regarding sentencing factors, and that neither party would assert any aggravating or mitigating factors not identified in the agreement. Giraldo was sentenced on July 24, 1989, to a total of 235 months imprisonment and five years supervised release. The sentence was based upon a total offense level of 36 and a criminal history category of I. A two-level decrease for acceptance of responsibility, recommended in Giraldo's presentence investigation report, was rejected by the district court. This court affirmed Giraldo's conviction and sentence on direct appeal. United States v. Castro, 908 F.2d 85 (6th Cir.1990).
 
 
 3
 In his motion to vacate, Giraldo alleged that his trial counsel rendered ineffective assistance during the plea process. In his supporting brief, he argued that counsel only consulted with him twice, that the government violated his plea agreement by raising an aggravating factor at sentencing, and that counsel did not tell him he could withdraw his plea upon the government's violation. The district court denied the motion in a memorandum opinion and order filed on October 22, 1992. In so doing, the district court found that Giraldo had made no showing whatever of deficient attorney conduct and that the plea agreement issue had been decided on direct appeal.
 
 
 4
 On appeal, Giraldo argues that the district court erred in failing to accept his allegations as true and in holding that the government did not violate his plea agreement.
 
 
 5
 Upon review, we affirm the district court's order because Giraldo has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam).
 
 
 6
 The district court did not err in not accepting Giraldo's allegations as true. An evidentiary hearing need not be conducted on a § 2255 motion if the files and records of the case conclusively show that the movant is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). It plainly appears from the record in this case that Giraldo is not entitled to relief. Giraldo's factual allegations are frivolous because this court has already held that the government did not violate Giraldo's plea agreement. See Castro, 908 F.2d at 90. It is well settled that a § 2255 motion cannot be employed to relitigate a question which was raised and considered on direct appeal absent exceptional circumstances such as an intervening change in law. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Barton v. United States, 791 F.2d 265, 267 (2d Cir.1986) (per curiam) (collecting cases); Barnett v. United States, 439 F.2d 801, 802-03 (6th Cir.1971) (per curiam). There are no such exceptional circumstances in this case.
 
 
 7
 Accordingly, the district court's order, entered October 29, 1992, is affirmed for the reasons stated therein. Rule 9(b)(3), Rules of the Sixth Circuit.