54 F.3d 776
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Norberto GIRALDO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2460.
 United States Court of Appeals, Sixth Circuit.
 May 11, 1995.
 
 1
 Before: RYAN and DAUGHTREY, Circuit Judges; and HILLMAN, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Norberto Giraldo pleaded guilty in March 1989 to one count of conspiracy to possess with intent to distribute cocaine, one count of conspiracy to launder monetary instruments, and one count of conspiracy to engage in monetary transactions derived from controlled substance importation and distribution. Giraldo was sentenced in accordance with the plea agreement to 235 months of imprisonment and five years of supervised release. This court affirmed Giraldo's conviction and sentence on appeal. United States v. Castro, 908 F.2d 85 (6th Cir. 1990).
 
 
 4
 In a previous motion to vacate, Giraldo claimed that: 1) his trial counsel rendered ineffective assistance during the plea process; 2) the government violated the plea agreement by raising an aggravating factor at sentencing; and 3) defense counsel did not tell him that he could withdraw his plea upon the government's violation. The district court denied that motion in a memorandum opinion and order filed on October 22, 1992. This court affirmed the district court's judgment. Giraldo v. United States, No. 92-2415, 1993 WL 210719 (6th Cir. June 15, 1993).
 
 
 5
 In the present motion to vacate sentence, Giraldo claimed that: 1) the government breached its promise to remain silent at sentencing; and 2) the sentencing court improperly applied the minimum mandatory provisions of the Sentencing Guidelines to the offense stated in Count I of the Indictment because the mandatory minimums do not apply to conspiracies committed prior to November 18, 1988. The district court denied this motion as well, and Giraldo appeals from that judgment.
 
 
 6
 In his timely appeal, Giraldo appears to generally reassert his same claims that he set forth in the district court.
 
 
 7
 Upon review, we conclude that the district court properly denied Giraldo's motion to vacate sentence. In order to obtain relief under Sec. 2255 on the basis of nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or and omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S. Ct. 2291, 2300 (1994). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Rule 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir. 1993) (only extraordinary circumstances warrant review of a sentencing guideline violation). In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflectan error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir. 1994) (applying Brecht to Sec. 2255 motion to vacate).
 
 
 8
 The district court properly denied Giraldo's first claim because it was raised and considered on direct appeal. In his first claim, Giraldo argued that the government violated his plea agreement by not remaining silent at sentencing. Giraldo contends that the government agreed not to assert any aggravating or mitigating factor that was not identified in the Rule 11 agreement. Instead of remaining silent as agreed, Giraldo contends that the government introduced aggravating factors at sentencing. It is well settled that a Sec. 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law. United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir. 1989) (per curiam). On direct appeal, Giraldo claimed that the government violated the plea agreement by raising an aggravating factor at sentencing. The claim asserted on direct appeal, and the claim asserted in his motion to vacate are based on the same set of circumstances occurring at sentencing and are substantively identical. Thus, the claim set forth in Giraldo's motion to vacate was raised, considered, and rejected on direct appeal, see Castro, 908 F.2d at 90, and properly denied in this case as there are no exceptional circumstances in this case.
 
 
 9
 The district court also properly denied Giraldo's second claim. Giraldo argues that the district court improperly applied the minimum mandatory provisions of the Sentencing Guidelines to the offense of conspiracy (Count I of the Indictment) because the mandatory minimums do not apply to conspiracies committed before November 18, 1988. Significantly, Giraldo did not object at sentencing in this regard. If a defendant fails to object to an error at sentencing, such an error is considered waived for purposes of seeking collateral relief thereon under 28 U.S.C. Sec. 2255. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir. 1984). In order to have the claim considered on the merits, Giraldo must show cause and actual prejudice to excuse his failure to object to the sentence. United States v. Frady, 456 U.S. 152, 165 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). Giraldo has failed to show cause and no prejudice is apparent from the record.
 
 
 10
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order filed on December 7, 1994.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation