**Eusebio TOLEDO–YIN, Petitioner–
Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 00–4557.

United States Court of Appeals,
Sixth Circuit.

Nov. 7, 2001.

Before SUHRHEINRICH and COLE, Circuit Judges; COLLIER, District

Judge.*

### ORDER

Eusebio Toledo–Yin, a pro se federal prisoner, appeals a district court judgment dismissing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1992, a jury convicted Toledo–Yin of conspiracy to possess over 50 grams of cocaine base ("crack") with intent to distribute (Count 1), possession with intent to distribute crack (Count 5), and distribution of over 5 grams of crack (Count 6), in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to life in prison. This court affirmed his convictions on direct appeal in *United States v. Estrada*, Nos. 92–4268, 93–3038, 1994 WL 198178 (6th Cir. May 18, 1994) (unpublished).

In his instant motion filed in 1997, Toledo–Yin asserted that: 1) he did not receive effective assistance of counsel; 2) he was denied due process in receiving a life sentence; 3) the district court erred by enhancing his sentence four levels for supervisory role; 4) the district court erred by enhancing his sentence for possession of a weapon; 5) the district court erred by enhancing his sentence for obstruction of justice; 6) the district court erred in its determination of drug quantity; 7) he was not properly convicted under the Controlled Substances Act for violations involving the distribution of cocaine base or crack cocaine; 8) he was denied due process due to insufficiencies of "material" evidence and contamination of evidence;

and 9) the sentences for Counts 1 and 5 were unconstitutionally imposed based on these insufficiencies. The district court dismissed the petition after careful review. The first claim failed on the merits. The second, fourth, and seventh claims could have been raised on direct appeal, and Toledo–Yin had failed to show cause and prejudice for not doing so. The third, fifth, sixth, eighth, and ninth claims had been raised on direct appeal and could not be raised again. The district court issued a certificate of appealability as to the first claim only.

In his timely appeal, Toledo–Yin essentially argues that: 1) he was denied his rights under the Fifth and Sixth Amendments and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when he received a life sentence; 2) counsel was ineffective for failing to challenge the sufficiency of the evidence; 3) appellate counsel was ineffective for failing to challenge the weapon enhancement; 4) trial counsel rendered ineffective assistance by failing to inform him of a plea offer; and 5) trial counsel was ineffective for failing to object to the broken chain of custody for the drugs seized. The government contends that Toledo–Yin's arguments are either beyond the scope of the certificate of appealability or are procedurally barred. Toledo–Yin requests a certificate of appealability as to any issues raised which were not certified by the district court.

To obtain relief under § 2255 for constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113

---

* The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

S.Ct. 1710, 123 L.Ed.2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999).

Toledo–Yin's first, second, and fifth arguments on appeal do not fall within the scope of the certificate of appealability, and we likewise decline to certify the issues because Toledo–Yin failed to make a substantial showing of a denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *cf. Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).

■ Toledo–Yin's third argument fails on the merits. Appellate counsel did not render ineffective assistance as appellate counsel is not required to raise every non-frivolous issue on appeal and as the underlying claim is without merit. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Trial counsel did object to the enhancement at sentencing, but the district court overruled the objection, reasoning that:

> "[T]here was evidence about Mr. Toledo's gun which was kept in Mr. Rodriquez's [sic] residence and the Court finds by a preponderance of the evidence that that gun was possessed by him and was under his control and was kept by Mr. Rodriquez pursuant to his instructions as a part of this drug conspiracy ... [and] that it was used to protect the drugs or the proceeds of drugs if necessary...."

(J.A., p. 121).

■ Toledo–Yin's fourth argument likewise fails. To demonstrate ineffective assistance of counsel, the defendant must show that counsel's representation fell below "an objective standard of reasonableness" and that there is a "reasonable probability" that counsel's errors affected the outcome of the proceedings. *Strickland v. Washington*, 466 U.S. 668, 687–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although an attorney's failure to inform a defendant of a plea offer constitutes deficient representation, *United States v. Blaylock*, 20 F.3d 1458, 1465–66 (9th Cir. 1994), Toledo–Yin has presented no credible evidence that counsel failed to inform him of a plea offer and instead merely relies on his own self-serving statements. In contrast, the government submitted an affidavit from Toledo–Yin's counsel stating that no plea offer was made.

Accordingly, Toledo–Yin's request for a certificate of appealability is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.