**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Preston J. THOMAS, Defendant–
Appellant.**

**No. 00–4004.**

United States Court of Appeals,
Sixth Circuit.

March 15, 2002.

Before BOGGS, GILMAN, and BRIGHT,* Circuit Judges.

## PER CURIAM.

Preston J. Thomas appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), claiming that he received ineffective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution. Thomas claims that his trial counsel was constitutionally ineffective because counsel did not move to suppress the firearm, move to suppress Thomas's statement that he owned the firearm, or move for an offense-level decrease for acceptance of responsibility at sentencing. For the reasons set forth below, we affirm Thomas's conviction and sentence.

### I

On October 27, 1999, two police officers, Mark Peoples and Timothy Grafton, were patrolling Longwood Estates in Cleveland, Ohio, a known high-crime area. The officers entered a building known for high rates of crime and narcotics use. Grafton detained several men in the lobby and proceeded to pat them down.

Thomas and another man came down the steps, saw the police officers, turned, and ran up the stairs. Peoples chased Thomas up the stairs. Peoples testified that he noticed Thomas clutching something along his side as they ran up the stairs. Near the top of the stairs, Peoples grabbed Thomas's shoulder and spun him around. Peoples forcefully placed Thomas against the wall. As Thomas was placed against the wall, a loaded Beretta 9-millimeter pistol fell to the ground.

Peoples called to his partner. Grafton climbed the stairs and secured the weapon. Thomas was placed under arrest for carrying a concealed weapon. Grafton testified at trial that on the way to the police car, he informed Thomas of his *Miranda* rights, and inquired whether Thomas understood them. Thomas confessed to ownership of the weapon in the police car. Peoples and Grafton filed a police report following the incident. The police report described Thomas's arrest, booking, and lodging in jail. The report also noted that Thomas had received and understood the *Miranda* warnings.

At trial, the parties stipulated that Thomas had a prior felony conviction, and the parties stipulated to interstate transportation of the pistol. Thomas's trial counsel did not move to suppress either the gun or the statement made by Thomas in the police car.

Thomas was convicted by the jury and the court sentenced Thomas to 51 months in prison. At sentencing, Thomas's trial counsel did not move for an offense-level reduction for acceptance of responsibility. Thomas filed this timely appeal.

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

## II

■ Claims of ineffective assistance of counsel raised on direct appeal are not reviewed, unless the record below has been developed sufficiently to allow the court to evaluate counsel's performance. *United States v. Thomas,* 74 F.3d 701, 715 (6th Cir.1996). The rationale for the rule is that evidence regarding the conduct of an appellant's attorney usually will not have been developed by the trial below. "The customary procedure followed [for ineffective assistance claims] is to permit the defendant to raise his ineffectiveness of counsel claim in a proper post-conviction proceeding under 28 U.S.C. § 2255." *United States v. Wunder,* 919 F.2d 34, 37 (6th Cir.1990). However, where the record of counsel's actions is sufficiently clear, an ineffective assistance claim may be heard on direct appeal. *Thomas,* 74 F.3d at 715. Here, the complained-of action is trial counsel's failure to make several motions. Because we can evaluate those decisions based on the current record, we will decide Thomas's ineffective assistance claims.

### A. Failure to Move to Suppress the Firearm Did Not Constitute Ineffective Assistance of Counsel

■ *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), sets forth a two-part test for ineffective assistance of counsel. The party asserting ineffective assistance must show (1) deficient performance of counsel that "fell below an objective standard of reasonableness" and (2) prejudice to the asserting party such that there exists a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 693–94.

■ Failure to file a motion to suppress may be ineffective assistance. *Kimmel-*

*man v. Morrison,* 477 U.S. 365, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986). However, a failure to file a suppression motion is not ineffective assistance *per se. Ibid.* The Sixth Circuit has noted:

> [W]here a suppression motion would be successful, an attorney is guilty of ineffective assistance if he does not file the motion on time . . . . Conversely, if such a motion would fail, counsel may not be criticized for having accurately assessed his client's chances of successfully challenging the warrant . . . . Thus, whether trial counsel . . . acted incompetently in not filing a timely motion to suppress depends upon the merits of the search and seizure question.

*Worthington v. United States,* 726 F.2d 1089, 1093–94 (6th Cir.1984) (Contie, concurring).

■ Supreme Court precedent establishes the legality of Thomas's stop, the search and the subsequent arrest. *Terry v. Ohio,* 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) allows police officers who have a "reasonable suspicion" of criminal activity to detain and pat down the person suspected of such activity. In *Illinois v. Wardlow,* 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000), the Supreme Court held that unprovoked flight in a high-crime area created reasonable suspicion and justified a *Terry* stop-and-frisk. *Wardlow,* 528 U.S. at 124 ("[H]eadlong flight . . . is the consummate act of evasion.").

The facts in *Wardlow* are identical to those in the current case. Wardlow fled upon seeing police officers patrolling an area known for heavy narcotics trafficking. The officers caught up with Wardlow, physically stopped him, patted him down, and discovered a .38–caliber handgun. The officers then arrested Wardlow. The Court found that the combination of a

high-crime area and unprovoked flight provided reasonable suspicion and justified a *Terry* stop.

Just as in *Wardlow*, Thomas fled upon seeing police officers in a high-crime area. This created reasonable suspicion under the *Wardlow* rule. Since the arrest and discovery of the gun were not products of an illegal arrest, filing a motion to suppress the gun would have been futile. Not filing such a motion was not ineffective assistance of counsel.

## B. Failure to Move to Suppress Thomas's Statement Did Not Constitute Ineffective Assistance of Counsel

■ At trial, Thomas's counsel did not move to suppress Thomas's statement, made in the police car, confessing ownership of the gun. Thomas asserts that failure to do so constituted ineffective assistance of counsel. Thomas argues that a motion to suppress the statement could have been made on the grounds that the government failed to meet its burden of proof on the issue of *Miranda* warnings. The government must show, by a preponderance of the evidence, that *Miranda* rights were timely given and voluntarily waived. *Colorado v. Connelly*, 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986).

To show that the government's evidence did not reach this level, Thomas relies primarily on the police report. Thomas argues that the police report shows that he was read his *Miranda* rights after he made his statement. The police report stated that Thomas was booked and housed. The police report also noted that Thomas was read his constitutional rights. The police report does not indicate the time or sequence of these two events, other than the order of the narration. Thomas is incorrect when he argues that the police report, when read with the testimony of the officers, did not allow the judge to find that Thomas had waived his *Mi-*

*randa* rights by a preponderance of the evidence.

Thomas also points out a "conflict" in the evidence given by Officers Grafton and Peoples as to when Thomas was read his *Miranda* rights. Thomas claims that Peoples testified that Thomas was read his *Miranda* rights by Grafton at the top of the stairs immediately after Grafton secured the weapon. Thomas contrasts this with Grafton's testimony, which Thomas alleges shows that Grafton read Thomas his rights as they were walking to the patrol car.

First, Thomas misstates Peoples's testimony. On direct examination, Peoples described the arrest at the top of the stairs. Peoples was then asked, on a new and separate line of questioning. "Did there come a time when you advised the defendant of his rights?" The answer was: "Yes .... My partner advised him of his Constitutional rights, and I believe he stated he understood them." Peoples does not testify that the reading of rights was at the top of the stairs. Therefore, Peoples's testimony not only does not contradict Grafton's, but corroborates it.

Second, both Peoples and Grafton testified that *Miranda* rights were given before the statements by Thomas in the police car, even on Thomas's incorrect reading of the trial testimony. The conflict, if any, in their testimony does not go to the critical fact that both officers agree that Thomas was properly read his *Miranda* rights before making his statement.

As to voluntariness, Thomas presents no credible evidence that he was in any way coerced, abused, or subject to compulsion sufficient to overbear his will to resist. *See Ledbetter v. Edwards*, 35 F.3d 1062, 1067 (6th Cir.1994). Therefore, his statement of ownership of the gun must be considered voluntary after he had received his *Miranda* warnings.

Since a motion to suppress the confession would not have succeeded, Thomas's counsel was not guilty of ineffective assistance for choosing not to file such a motion. *Worthington,* 726 F.2d at 1093–94 (Contie, concurring).

Thomas also argues that the decisions allowing the confession and gun into evidence themselves constituted error. Since no objection was made at trial, the decisions of the trial court to allow the gun and statement into evidence are reviewed for plain error. *United States v. Collins,* 78 F.3d 1021, 1033 (6th Cir.1996). The stop, search, and arrest were legal under *Wardlow,* and there is no evidence of illicit compulsion insofar as the confession is concerned. The trial court did not commit plain error in allowing the confession and gun into evidence.

**C. Failure to Move for an Offense–Level Reduction for Acceptance of Responsibility Did Not Constitute Ineffective Assistance of Counsel**

■ The Sentencing Guidelines provide for a two-level decrease in the criminal's offense level when "the defendant clearly demonstrates acceptance of responsibility." United States Sentencing Commission, *Guidelines Manual,* § 3E1.1(a) (Nov. 2000). Application note 2 to § 3E1.1 states that this offense-level adjustment is not intended to apply to a defendant who goes to trial. USSG § 3E1.1, comment. (n.2). However, a defendant who does not defend on the basis of innocence, but goes to trial to prosecute a constitutional challenge or the like, can possibly still benefit from the acceptance-of-responsibility decrease. *Ibid.*

■ Failure to move for a sentencing decrease may constitute ineffective assistance of counsel. *United States v. Soto,* 132 F.3d 56, 59 (D.C.Cir.1997). However, as with all motions, if the motion would not

have been granted, counsel cannot be guilty of ineffective assistance. *Worthington,* 726 F.2d at 1093–94 (Contie, concurring).

As noted above, there were no valid constitutional claims in this case. Therefore, the acceptance-of-responsibility decrease was not available to Thomas, who otherwise defended on the merits and did not timely accept responsibility nor render assistance to the government. A defendant who mounts a defense based on innocence does not become eligible for the "acceptance" decrease merely by alleging a specious constitutional issue.

### III

The district court's judgment of conviction and sentence are therefore AFFIRMED.