Edwin CULP, Petitioner/ Defendant,

v.

UNITED STATES of America,
Respondent/ Plaintiff.

No. CIV. 02–70996, CR. 92–81058.

United States District Court,
E.D. Michigan,
Southern Division.

June 3, 2003.

Edwin Culp, Florence, Co, in Pro per.

F. William Soisson, Assistant U.S. Attorney, Detroit, MI, for Respondent/Plaintiff.

## MEMORANDUM OPINION and ORDER OF DISMISSAL

ANNA DIGGS TAYLOR, District Judge.

Petitioner-defendant Edwin Culp ("Culp") has filed a timely motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, Culp's motion must be DENIED.

### I.

On April 17, 1997, a grand jury returned a fourth superseding indictment charging Culp and others with intentional killing and aiding and abetting in violation of 21 U.S.C. § 848(e)(1)(A) and use or carrying of a firearm in violation of 18 U.S.C. § 924(c). Culp was one of eleven defendants charged in a fourth superseding indictment with various drug violations. After trial to a jury, Culp was found guilty of 21 U.S.C. § 848(e)(1)(A), for intentional killing and 18 U.S.C. § 924(c), for use or carrying of a firearm. He was sentenced on July 23, 1998, to a mandatory life sentence.

On July 27, 1998, Culp filed a timely notice of appeal. On appeal, Culp raised several issues, including: (1) that there had been insufficient evidence to convict him under 21 U.S.C. § 848(e)(1)(A); (2) that the district court should have granted his motion for a new trial because the government had committed prosecutorial misconduct; and (3) that the jury instructions given were improper. *United States v. Damond Sellers, David Powell, Edwin Culp,* 9 Fed.Appx. 335 (6th Cir.2001). Each of these arguments was rejected in turn by the appeals court. *Id.*

On June 5, 2001, the Sixth Circuit Court of Appeals issued a Mandate affirming the decision of the district court. On October 22, 2001, the United States Supreme Court denied Culp's request for a Writ of Certiorari. On March 14, 2002, Culp filed this motion pursuant to 28 U.S.C. § 2255.

Culp's instant motion argues: (1) that because "every element of [21 U.S.C. § ] 848(e)(1) was not proven to a jury beyond a reasonable doubt ... the court lacked jurisdiction to sentence the defendant under section 848(e)"; and (2) that he had been denied effective assistance of counsel because his counsel had failed to object to (a) the jury selection process in his case, and (b) the "trial court's vague and improper instructions to the jury regarding what the government must prove in order to support a conviction under 21 U.S.C. § 848(e)(1)(A) and the court's failure to charge the jury 'that they must so find.' "

### II.

#### Section 848(e)(1)(A)

■ Culp's first argument is premised on the contention that "every element of 848(e)(1) was not proven ...." In his direct appeal, Culp dressed this same contention as an insufficient evidence argument which was found to be "without merit."[1] Although he now argues that in-

---

[1] *See United States v. Damond Sellers, David Powell, Edwin Culp, and Ronald Hunter,* 9 Fed.Appx. 335, 338–39 (6th Cir.2001).

sufficiency of evidence deprived the court of jurisdiction, he continues to rely upon an incorrect premise.[2] More importantly, because this § 848(e) claim was raised on direct appeal, and no "highly exceptional circumstance" has been presented by Culp, his claim may not be resurrected in his subsequent § 2255 motion.[3].

### III.

#### *Assistance of Counsel*

At bottom, Culp's first assistance of counsel claim is that he was denied the effective assistance of counsel because his attorney failed to challenge the jury selection plan in place in this District at the time. This contention springs from *United States v. Ovalle*, 136 F.3d 1092 (6th Cir.1998), which held that the now-former jury selection plan in this judicial district "violated the Jury Selection and Service Act, 28 U.S.C. § 1862, and the Equal Protection Clause, because it allowed the removal of every fifth non-black juror from the jury wheel in order to increase the number of black jurors." *United States v. Blair*, 214 F.3d 690, 695 (6th Cir.2000) (citing *Ovalle*, 136 F.3d at 1099–1100, 1105–07).

■ *Ovalle* did not stop at delineating the claim here at issue, discrimination in the selection of the grand jury, it further held that such a claim is waivable. 136 F.3d at 1107. Generally, objections arising from defects in the indictment, such as a claim of discrimination in the selection of the grand jury, must be raised prior to trial. Fed.R.Crim.P. 12(b)(2).[4] Culp now raises this issue for the first time in his § 2255 motion.

■ A petitioner who fails to raise an objection prior to trial must explain his failure to raise that objection by showing: (1) cause excusing the procedural default, and (2) actual prejudice resulting from the error of which he complains. Fed. R.Crim.P. 12(f); *Id.* As to the first requirement, Culp contends that the cause for his failure to object was the ineffective assistance of counsel. The mere fact, however, "that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for procedural default." *Murray v. Carrier*, 477 U.S. 478, 486, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986).[5]

Rather, to demonstrate cause based on ineffective assistance of counsel, Culp

**2.** When the court of appeals addressed the issue of the jury instructions it found that the argument of Culp's co-defendant—essentially the same attack Culp now attempts—was unpersuasive. *See United States v. Damond Sellers, David Powell, Edwin Culp, and Ronald Hunter*, 9 Fed.Appx. 335, 342–43 (6th Cir. 2001).

**3.** *DuPont v. United States*, 76 F.3d 108, 110–11 (6th Cir.1996) ("A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances.") *United States v. Brown*, 62 F.3d 1418 (6th Cir.) (unpublished) (citations omitted), *cert. denied*, 516 U.S. 942, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995). *See also Giraldo v. United States*, 54 F.3d 776 (6th Cir.) (unpublished) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on ap-

peal absent highly exceptional circumstances, such as an intervening change in the law."), *cert. denied*, 516 U.S. 892, 116 S.Ct. 240, 133 L.Ed.2d 167 (1995).

**4.** *Ovalle*, 136 F.3d at 1107 (Failure to raise an objection to the selection of the grand jury or petit jury prior to trial "shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver."); Fed. R.Crim.P. 12(f); *see also United States v. Oldfield*, 859 F.2d 392, 396 (6th Cir.1988).

**5.** In *Shotwell Mfg. Co. v. United States*, the Supreme court held that there was insufficient cause for failing to assert a violation of Federal Rule of Criminal Procedure 12(b)(2) because the systematic challenges to the district's jury selection process were based on facts that were notorious and available to the defendants before their trial. 371 U.S. 341,

must prove: (1) that counsel's performance fell below an "objective standard of reasonableness;" and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687–88, 693–94, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Significantly, to "show that his counsel's performance was deficient by not objecting to the method of the grand jury selection, requires showing that errors made by counsel are so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. Such a showing would require that the "trial counsel's failure to raise an *Ovalle*-type objection qualifies as a deficient performance." *Jackson v. United States*, 248 F.Supp.2d 652, 659 (E.D.Mich.2003). Generally, an attorney's failure to timely raise an *Ovalle* claim under circumstances similar to those in the present case does not rise to the level of "ineffectiveness" necessary to satisfy the standard set forth in *Strickland*. *See Houston v. United States*, 1999 U.S. Dist. LEXIS 8638, at *6 (E.D.Mich.1999); *Jackson*, at 659.

Even assuming, for the purpose of argument, that he could satisfy the first component of the *Strickland* test, Culp must be able to establish "actual prejudice" resulting from the error of which he complains. *See Ovalle*, 136 F.3d at 1107. In his motion, Culp has not demonstrated the necessary "actual prejudice." [6]

Culp has presented no reason to believe that, even if trial counsel raised a timely jury challenge, it would have resulted in any outcome other than "merely postpon[ing] the proceedings until new jurors were selected." *Jackson*, at 660. To rebut this presumption, Culp would need to show that there is a "reasonable probability that these new jurors would have produced a different result in this case." *Id.* He has not.

Moreover, Culp has not even attempted to illustrate how the now-challenged jury selection plan could have then prejudiced him.[7]

Culp's second ineffective assistance argument is based on his counsel's failure to

363, 83 S.Ct. 448, 9 L.Ed.2d 357 (1963). The Jury Selection Plan formerly employed by this district was adopted by this Court and approved by the Court of the Appeals for the Sixth Circuit in 1992. The Administrative Orders implementing this Plan had been issued regularly since its adoption and had been posted in the courthouse, and the Plan was a public document. .

6. The "actual prejudice" required to demonstrate "ineffective assistance" in *Strickland* does, for the purposes of this motion, collapse into the "actual prejudice" required to show the "cause" requirement necessary to salvage an otherwise-waived *Ovalle*-type objection. This does not, however, mean that this is necessarily the case.

7. Culp, an African American, has not shown how a jury selection plan implemented to increase the number of African Americans in the jury pool has resulted in "actual prejudice" to him. Courts examining such bald contentions have found them to be without merit. *See, e.g., Houston*, 1999 U.S. Dist. LEXIS 8638, at *8 ("The jury selection plan which Petitioner challenges and which the Sixth Circuit found to be constitutionally invalid was implemented to increase the number of African Americans in the jury pool to more accurately reflect the African American population within the Eastern District of Michigan. Petitioner, an African American, has not demonstrated that selection of the grand jury from a jury pool which increased the number of African American potential jurors somehow prejudiced him.").

object to the "trial court's vague and improper instructions to the jury regarding what the government must prove in order to support a conviction under 21 U.S.C. § 848(e)(1)(A) and the court's failure to charge the jury 'that they must so find.'" Again, a petitioner may not use a § 2255 motion to relitigate an issue already decided on direct appeal. Likewise, a petitioner may not use a § 2255 motion to reargue a defective premise by simply asserting a different resulting flaw. Here, it is apparent that the court of appeals addressed several arguments concerning the soundness of the instructions given to the jury—including this one—and found that all of those arguments were lacking.[8]

Even if the improper jury instruction premise were treated as a new issue, the pendant ineffective assistance of counsel claim must past muster under the standard articulated in *Strickland*. Accordingly, Culp must demonstrate "actual prejudice" flowing from the allegedly improper jury instructions.

■ However, where, as is the case here, the "evidence of the [Continuing Criminal Enterprise] violations was essentially uncontroverted ... and admitted and used by ... Culp at trial, the failure to instruct the jury on this matter was not a reversible error under *Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997)."[9] Because Culp has failed to demonstrate "actual prejudice" flowing from the allegedly improper jury instructions,[10] the court need not reach the cause element.[11]

## IV.

For the foregoing reasons, Culp's motion for § 2255 relief must fail. Accordingly, Culp's motion is **DENIED** and **DISMISSED.**

IT IS SO ORDERED.

---

**8.** *See United States v. Damond Sellers, David Powell, Edwin Culp, and Ronald Hunter,* 9 Fed.Appx. 335, 342–43 (6th Cir.2001).

**9.** As stated in the Sixth Circuit's opinion on Culp's direct appeal, "'improperly instructing the jury on an element of the offense' ... even assuming that the failure ... affected substantial rights ...[does] not 'seriously affect the fairness, integrity or public reputation of judicial proceedings' because the evidence of materiality was 'overwhelming ... and essentially uncontroverted at trial.'" *United States v. Damond Sellers, David Powell, Edwin Culp, and Ronald Hunter,* 9 Fed.Appx. 335, 342–43 (6th Cir.2001) (quoting *Johnson,* 520 U.S. at 469, 117 S.Ct. 1544).

**10.** Actual prejudice is necessary before a finding of reversible error can be made.

**11.** Even if this court were to address the first part of the *Strickland* test, it would find that Culp's counsel performed well within the bounds of the legal profession in his decision not to challenge the jury instructions, where, as the court of appeals found, the failure to do so did not result in reversible error. Moreover, particularly given the overwhelming evidence against Culp, counsel's performance cannot be said to fall below an objectively reasonable standard.